[Civ. No. 8987.   Third Dist.   Apr. 4, 1957.]

IKE BAUMBACH, Respondent, v. JOHN B. JORGENSEN, Appellant.

John D. Chinello for Appellant.

Reuben P. Rott and Robert K. Elliott for Respondent.

PEEK, J.—Defendant appeals from a judgment in favor of plaintiff in an action for an accounting of moneys alleged to have been received by defendant from the sale of grapes claimed to have been marketed for the account of plaintiff.

The complaint alleges that pursuant to an oral agreement, defendant marketed grapes produced by plaintiff on the Babcock vineyard during the 1953 season, but that defendant failed and refused to give plaintiff a proper accounting. The complaint concluded with a prayer for an accounting and a judgment for the amount found to be due. Defendant answered denying generally the allegations of the complaint, and as an affirmative defense alleged that one Shumate, as

the lessee of said vineyard, entered into a written agreement with defendant by which defendant agreed to harvest and market the crop for Shumate; that defendant dealt solely with Shumate and was without notice or knowledge of any assignment from Shumate to plaintiff of the lease of said vineyard; that Shumate received no consideration from plaintiff for the assignment of said lease; and that defendant was willing to pay to the party entitled to it the sum shown by an account which he filed as an exhibit attached to said answer. By cross-complaint defendant alleged that plaintiff had converted other grapes to defendant's damage in the sum of $1,000. At the conclusion of the trial the court found generally in accordance with the plaintiff's complaint and generally that the allegations contained in defendant's affirmative defense and his cross-complaint were untrue and entered judgment accordingly in the sum of $7,261. Defendant's motion for a new trial was denied and this appeal followed.

The evidence shows that the defendant, who was in the business of marketing and harvesting grapes, originally entered into an agreement with Shumate on March 11, 1953, to market and harvest the crop grown on the Babcock vineyard; that defendant advanced to Shumate certain moneys which were to be repaid out of the first receipts from the crop; that on April 15, 1953, Shumate assigned his entire leasehold interest in the vineyard to the plaintiff; that an acceptance of such assignment was executed by the landowners and thereafter plaintiff entered into possession under the lease, farmed and operated the property, paid all costs and expenses in connection with the crop produced; that defendant had knowledge of plaintiff's ownership of the crop at the time he entered into the marketing agreement with plaintiff; that defendant was present at the preparation of the "Application for Allotment under Tokay Marketing Agreement" wherein plaintiff appeared as the grower and owner of the grapes for the 1953 season; that said document was signed by defendant personally as shipper; and that a copy thereof was delivered to defendant. The record further shows that plaintiff had no knowledge of defendant's marketing agreement with Shumate until after the close of the 1953 season, and that Shumate solicited and obtained marketing agreements and acted as a field man for defendant during the 1953 season. There was also testimony by Shumate that the marketing agreement executed by him and defendant on March 11, 1953, was never to have been used by

the parties as such but was executed solely for the purpose of giving defendant written evidence of the advances made by defendant to Shumate.

It is defendant's contention that since the crop came into his hands as a factor, he was entitled to offset the funds in his hands with the advances he had made to Shumate, and therefore the evidence does not support the findings and judgment. In support thereof, defendant, primarily attacks the sufficiency of the evidence and in particular the testimony of Shumate. It is quite apparent from the record that much of the testimony was in conflict; however, the resolution of that conflict was for the trial court and not this court on appeal.

Under the circumstances the only question presented to this court is, as defendant properly notes, to what extent if any he as a factor may offset, against the balance admittedly in his hands and owing to plaintiff, the money advanced to Shumate. ▮ It is the general rule that "the lien of a factor belongs to the class known as possessory liens; and it is a well-settled rule that the factor must have either the actual or the constructive possession of the goods, or their proceeds, in order that his lien may attach thereto, unless it is otherwise provided by statute. Necessarily, a lien cannot be acquired before the goods come into his possession, or after his possession has ceased." (35 C.J.S. Factors, § 45, p. 443; see also 22 Cal.Jur.2d, Factors and Commission Merchants, § 26, p. 27; and 22 Am.Jur., Factors, § 45, p. 331.)

▮ It is not denied that at the time of defendant's dealings with Shumate there was no crop. It necessarily follows that since a factor's lien is possessory, defendant's lien as a factor could not have attached until he had "either the actual or the constructive possession" of the grapes, at which time the grapes were owned by plaintiff, and hence the judgment of the trial court must be affirmed.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.